UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICADO CHUB,

Petitioner,

v.

U.S. GENERAL ATTORNEY,

Respondent.

Case No. 1:26-cv-06278-JLT-HBK

ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR BRIEFING SCHEDULE AND DOCUMENTS

(Doc. 11)

Petitioner, proceeding pro se, initiated this second petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 7, 2026. (Doc. 1). The previously assigned district judge appointed counsel for Petitioner on August 10, 2026. (Doc. 5). Because this action is related to Petitioner's previously filed habeas action, *see* Case No. 1:26-cv-02436-JLT-HBK, this matter was reassigned to the current district judge and the undersigned.

Before the Court is Petitioner's status report, which requests a briefing schedule and production of the following materials: (1) any Form I-213 prepared by Border Patrol agents in connection with Petitioner's detention; (2) any orders entered by an Immigration Judge in Petitioner's pending immigration matter (3) transcripts or recordings of any bond hearing conducted in connection with Petitioner's pending immigration case; and (4) any notice provided to Petitioner concerning the revocation of his release on recognizance. (Doc. 11 at 2).

A petition challenging civil immigration detention ordinarily proceeds under 28 U.S.C. §

2241. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003). The Rules Governing § 2254 Cases may be applied to such a § 2241. Rule 1(b), Rules Governing § 2254 Cases. Under Rule 6(a), discovery may be authorized for good cause. *Id*. R. 6(a); *see also Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (explaining that good cause exists when specific allegations give the court reason to believe that, if the facts are fully developed, the petitioner may be able to demonstrate entitlement to relief). Rule 7 further permits the Court to direct the parties to expand the record with materials relevant to the petition. Rules Governing § 2254 Cases R. 7(a).

Petitioner's pro se petition alleges that he was denied bond but did not receive notice of the hearing at which bond was denied. (Doc. 1 at 5). Liberally construed, that allegation raises a potential due process claim and a claim that Respondent may not have complied with this Court's prior order requiring a substantive bond hearing under 8 U.S.C. § 1226(a). *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (courts must construe pro se pleadings liberally); *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011) (due process requires a contemporaneous record of an immigration bond hearing); *Hernandez v. Sessions*, 872 F.3d 976, 988–90 (9th Cir. 2017) (constitutional challenge to immigration-custody procedures is not categorically barred by 8 U.S.C. § 1226(e)).

The Court does not at this stage review the merits of the Immigration Judge's discretionary danger or flight-risk determination. However, the Court may require limited production of agency records relevant to whether the substantive bond hearing occurred and whether Petitioner received constitutionally adequate notice and an opportunity to participate.

Accordingly, IT IS ORDERED:

1. Petitioner's motion for a briefing schedule and production of documents is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.
2. Within fourteen (14) days of service of this order, Respondent shall produce the limited custody and bond-hearing records identified above and file the required declaration concerning notice, service, and the existence of an audio recording, transcript, or other contemporaneous record.
3. Within twenty-one (21) days after Respondent's production, Petitioner shall file an

amended petition. The amended petition shall identify the custody decision or event challenged; state the constitutional or legal claim asserted; explain how the claim arose after or differs from the claim resolved in the prior habeas action; and identify the facts supporting the contention that Petitioner was denied adequate notice or a meaningful opportunity to be heard.

4. No production of a Form I-213 is ordered at this time. Petitioner may renew that request upon a showing that the document is material to the notice, hearing, or other claim pleaded in the amended petition.

Dated: September 27, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE